Robert J. MENDENHALL, et al., Plaintiffs,

v.

BARBER–GREENE COMPANY, Defendant.

No. 80 C 6747.

United States District Court, N. D. Illinois, E. D.

Dec. 7, 1981.

Jerry J. Dunlap, Gary Patterson, Dunlap & Codding, Oklahoma City, Okl., for plaintiffs.

Clarence J. Fleming, McDougall, Hersh & Scott, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In this patent infringement action defendant Barber-Greene Company ("Barber-Greene") has moved for an order compelling plaintiffs' patent attorney Jerry R. Seiler ("Seiler") to testify as to his knowledge of claimed prior art. This Court has today denied Barber-Greene's contemporaneously filed and briefed motion, improvidently brought under Fed.R.Civ.P. ("Rule") 56(d). For the somewhat related reasons stated in this memorandum opinion and order, Barber-Greene's current motion under Rule 37(a) is also denied.

### Background

Seiler was the patent attorney for plaintiff Robert Mendenhall ("Mendenhall")[1] during preparation of the applications for the '080 and '941 patents. At his August 26, 1981 deposition Seiler declined to answer questions posed by Barber-Greene as to whether Seiler was aware of "certain contract work" performed by Mendenhall more than one year before the '080 application was filed December 27, 1977.

1. Mendenhall was the patentee under the two patents in suit (the "'080 and '941 patents"). Co-plaintiff CMI Corporation is exclusive licensee of both patents.

2. This is not literally true. Barber-Greene's Br. 6–7 initially asserts that the attorney-client privilege does not extend to the underlying information (the facts) communicated to the attorney but only to the communication itself. That view has no support in the case law. *See,*

Barber-Greene contends that contract work by Mendenhall was "prior art" under 35 U.S.C. § 102(b) and that the attorney-client privilege does not preclude inquiry into Seiler's knowledge of that information. It also urges that if the privilege did apply to Mendenhall-Seiler communications, *all* such communications must be disclosed because of an alleged fraud on the Patent Office. Plaintiffs respond that:

(1) Any information Seiler had as to prior art came directly from communications with Mendenhall, and the resulting attorney-client privilege has never been waived.

(2) Barber-Greene has not established the prima facie case of fraud necessary to make the privilege unavailable to plaintiffs.

Both positions asserted by plaintiffs are sound.

■ At the outset of course the privilege is presumptively available whenever an attorney is sought to be questioned on a matter that has been the subject of communication between him and a client relating to the rendition of legal services. *See Radiant Burners, Inc. v. American Gas Ass'n*, 320 F.2d 314, 318–19 (7th Cir. 1963) and Judge Wyzanski's classic statement of the privilege in *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–59 (D.Mass.1950). Here Mendenhall retained Seiler to prosecute his patent applications. For that purpose Mendenhall apprised Seiler of the necessary facts. Unless Barber-Greene can invoke an established exception to the privilege the matter is at an end.

■ Barber-Greene first argues[2] that Mendenhall waived the privilege by disclo-

*e.g., In re Ampicillin Antitrust Litigation*, 81 F.R.D. 377, 388–89 (D.D.C.1978); *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977) ("extends both to the substance of the client's communication as well as the attorney's advice in response thereto"). Conversely the fact that information has been communicated to the attorney does not foreclose inquiry as to the *client's* knowledge of such information. *Upjohn Co. v.*

**950**

sure to a third party—the Patent and Trademark Office (the "Office"). Admittedly Mendenhall filed an affidavit (prepared for him by Seiler) with the Office detailing the experimental activities—the contract work on Highway I–15—about which Barber-Greene now seeks to question Seiler.

Does such a "disclosure" constitute a "waiver" of the privilege? Barber-Greene has not cited a single case so holding.[3] Indeed its proposition would prove too much, for it would equally support a finding of waiver in the garden variety situation in which a lawyer, consulted about a civil or criminal matter, prepares and files a pleading or affidavit on the client's behalf. To open up the lawyer to interrogation about confidential communications on such a showing would subvert the principles that underpin the privilege. *See Upjohn*, 449 U.S. at 390–91, 101 S.Ct. at 683–84.

Though case law directly in point is scanty, this Court finds persuasive the discussion in *Natta v. Hogan*, 392 F.2d 686 (10th Cir. 1968). Despite the court's recognition that "in patent proceedings the applicant must observe the highest degree of candor, honesty and good faith" (*id.* at 691), it went on to say (*id.* at 692):

> The record contains no waiver of the privilege by Phillips [Petroleum]. It undoubtedly gave information to its attorneys so they could act on it in the preparation of papers used in the patent proceedings. The situation is like that where a client gives general information to his lawyer so that the lawyer may prepare a complaint in any ordinary civil action. The fact that some of the information is thus publicly disclosed does not waive the privilege.

True enough the present case reflects the disclosure of *particular* facts to the Office, while *Hogan* involved the disclosure of *general* information from which the attorney disclosed *particular* items. But the distinction is chimerical. In each case the client confidences being protected relate to the particular items of fact disclosed to the Office, and the confidences equally deserve the protection of the privilege.

■ Barber-Greene's other contention rests on Mendenhall's claimed failure to disclose (1) the contract work discussed above and (2) the existence of a foreign patent issued to Mendenhall more than one year before the filing date of the patents in suit. From that Barber-Greene claims a prima facie case of fraud upon the Office, which would under *Natta v. Zletz*, 418 F.2d 633 (7th Cir. 1969) make the attorney-client privilege unavailable to Mendenhall.[4]

Fraud requires both untruth and materiality. Barber-Greene founders on the latter of those elements at this stage of the litigation. As plaintiffs point out, Barber-Greene maintains simultaneously that:

> (1) Mendenhall's prior '743 patent—which Mendenhall did disclose to the Office—showed the same features as the foreign patent that constituted the allegedly fraudulently withheld prior art.

> (2) That '743 patent differed so substantially from the patents in suit that the patents could not claim the '743 filing date.

Plaintiffs therefore claim Barber-Greene has admitted the non-materiality of the alleged prior art, omission of which would

*United States*, 449 U.S. 383, 395–96, 101 S.Ct. 677, 685–86, 66 L.Ed.2d 584 (1981).

3. Barber-Greene cites *Ashland Oil, Inc. v. Delta Oil Products Corp.*, 209 U.S.P.Q. 151 (E.D.Wis. 1979) for the "technical information" exception to the privilege in patent law cases. That case required disclosure of *documents* transmitted to a lawyer, on the *Radiant Burner* "conduit theory" that a document unprivileged in the client's hands is not insulated from disclosure merely because given to his attorney. For the reasons stated in the text, this Court—which need not comment on the propriety of the doc-

trine in the narrower form applied in *Ashland Oil*—would reject its extension to permit interrogation of the attorney about direct communications with his client.

4. *Zletz, id.* at 636, confirmed the applicability to patent cases of the general rule that the attorney-client privilege "has no application where the communication involves advice in furtherance of a criminal or fraudulent transaction" and that the rule "extends to frauds perpetrated upon the Patent Office."

thus be non-material. Barber-Greene counters (R.Br. 6) that the '743 patent was not before the Office as "prior art." Accordingly its "disclosure"—even if technically made on another issue—cannot cure the non-disclosure (as prior art) of the similar contract work and foreign patent.

Those cross-contentions go to the heart of the merits in this action. As with Barber-Greene's Rule 56(d) motion, the facts before the Court on this discovery motion are inadequate to permit decision of such underlying issues as:

(1) whether the '743 patent is prior art as to the '080 and '941 patents and

(2) if so, whether disclosure of the '743 patent was sufficient to render non-disclosure of the contract work and the foreign patent non-material.

In fact the materiality issue on Barber-Greene's Rule 37(a) motion now under consideration is linked to the materiality issue on its Rule 56(d) motion, which this Court has just denied as insufficiently presented.

Barber-Greene has the burden of establishing a prima facie case of fraud on the Office, and that burden has not been met on the current state of this record. As stated in *Ashland Oil*, 209 U.S.P.Q. at 153:

> While the defendant has shown that the plaintiff omitted some information from its patent applications, it has failed to demonstrate that the omissions were material and that the information, if supplied, would have been relied on by the patent office....

Because Barber-Greene has failed on both branches of its argument for inapplicability of the attorney-client privilege, its Rule 37(a) motion to compel is denied.